Receipt Number
537712

ORIGINAL

15

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PEPSICO, INC., a North Carolina corporation,

    Plaintiff,

vs.

C. TOCCO WHOLESALE PRODUCE, INC., a Michigan corporation; and DOES 1-10,

    Defendants.
_____/

Case: 2:06-cv-10390
Assigned To : Hood, Denise Page
Referral Judge: Whalen, R. Steven
Assign. Date : 01/30/2006 @ 10:41 A.M.
Description: CMP PEPSICO INC. V C. TOCCO WHOLESALE PRODUCE, INC., ET AL (TAM)

DICKINSON WRIGHT P.L.L.C.
Kathleen A. Lang (P34695)
500 Woodward, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500
Facsimile: (313) 223-3598
klang@dickinsonwright.com

PATTISHALL, MCAULIFFE, NEWBURY,
  HILLIARD & GERALDSON L.L.P.
David C. Hilliard
Jonathan S. Jennings
Phillip Barengolts
Natalie Kernisant
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone: (312) 554-8000

*Attorneys for Plaintiff, PepsiCo, Inc.*
_____/

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES

228009v1

## PARTIES

1. Plaintiff, PepsiCo, Inc. ("PepsiCo"), is a North Carolina corporation with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577.

2. On information and belief, defendant C. Tocco Wholesale Produce, Inc. ("Tocco"), is a corporation governed by the laws of the State of Michigan with its principal place of business in this District at 1325 Watson Street, Detroit, MI 48207.

3. On information and belief, defendants Does 1-10 (collectively, the "Doe Defendants"), are individuals and business entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor. The identity of these Doe Defendants presently is not and cannot be known to PepsiCo, but these persons and/or entities will be added as named defendants to this action as and when they are identified. Unless otherwise indicated, Tocco and the Doe Defendants are referenced collectively herein as "Defendants."

## JURISDICTION AND VENUE

4. This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the Michigan state common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) in that, on information and belief, Defendant resides in this district and/or a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

6.     PepsiCo is engaged in the manufacture and marketing of soft drinks, syrups and concentrates used in the preparation of soft drinks throughout the United States.

7.     Since long prior to the acts of Defendant complained of herein, PepsiCo has made continuous use of the trademarks PEPSI, DIET PEPSI, MOUNTAIN DEW and SIERRA MIST, and variations of these marks with designs ("PEPSI marks") in connection with the manufacture, distribution, marketing, and sale of: (1) soft drinks and concentrates and syrups used in the preparation of soft drinks; and (2) including through PepsiCo's licensees, boxes containing bags filled with syrups used in the preparation of PepsiCo's soft drinks distributed to consumers through soda fountains (hereinafter collectively "PEPSI products").

8.     PepsiCo is the owner, inter alia, of the following federal trademark registrations issued by the United States Patent and Trademark Office for the PEPSI marks used in connection with its PEPSI products:

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| PEPSI | 824,150 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |
| [PEPSI design logo] | 2,100,417 | September 23, 1997 | Soft Drinks |

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| PEPSI (logo) | 2,817,604 | February 24, 2004 | Soft Drinks, and Syrups and Concentrates for making the same |
| PEPSI-COLA | 824,151 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |
| DIET PEPSI | 824,152 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |
| DIET PEPSI (logo) | 1,409,763 | September 16, 1986 | Soft Drinks |
| DIET PEPSI-COLA | 824,149 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |
| SIERRA MIST | 2,495,127 | October 2, 2001 | Soft Drinks |
| Sierra Mist (logo) | 2,549,463 | March 19, 2002 | Soft Drinks |
| Sierra Mist (logo) | 2,580,465 | June 11, 2002 | Soft Drinks |

4

| MOUNTAIN DEW | 820,362 | December 13, 1966 | Soft Drinks, and Syrups and Concentrates for making the same |
|---|---|---|---|
| [Mountain Dew logo] | 1,512,972 | November 15, 1988 | Soft Drinks |
| [Mountain Dew logo] | 2,509,558 | November 20, 2001 | Soft Drinks |
| DIET MOUNTAIN DEW | 1,335,820 | May 14, 1985 | Soft Drinks |
| [Diet Mountain Dew logo] | 2,358,691 | June 13, 2000 | Soft Drinks |
| [Diet Mountain Dew logo] | 2,306,646 | January 4, 2000 | Soft Drinks |

All of the registrations identified above, except Registration Nos. 2,817,604, 2,495,127, 2,549,463, 2,580,465, and 2,509,558, are valid subsisting, incontestable and constitute conclusive evidence of PepsiCo's exclusive right to use the PEPSI marks for the goods specified in the registrations,

pursuant to 15 U.S.C. §§ 1065 and 1115(b). Registration Nos. 2,817,604, 2,495,127, 2,549,463, 2,580,465, and 2,509,558 are valid, subsisting, and constitute prima facie evidence of PepsiCo's exclusive right to use the marks identified in the registrations for the goods and services covered by these registration throughout the United States, pursuant to 15 U.S.C. § 1057(b).

9. PEPSI products are distributed by PepsiCo's authorized bottlers pursuant to Exclusive Bottling Appointment agreements, which authorize only those local bottlers to distribute PEPSI products in their respective territories.

10. The PEPSI products are subject to a strict quality control program implemented by PepsiCo and its authorized bottlers that protects and preserves all aspects of the PEPSI products including their ingredients, nutritional content, taste, aroma, appearance and packaging.

11. PepsiCo prohibits the sale of soft drinks, and syrups used in the preparation of soft drinks, under the PEPSI marks that do not meet PepsiCo's quality control standards.

12. PepsiCo's authorized bottlers maintain the quality and enhance the goodwill associated with PEPSI products within their particular territory.

13. PepsiCo and its authorized bottlers have sold many billions of dollars worth of PEPSI products throughout the United States and have expended many hundreds of millions of dollars to advertise and promote the PEPSI products under the PEPSI marks.

14. As a result of PepsiCo's extensive sales, promotion and advertising, the PEPSI marks have become exceedingly famous, represent extraordinarily valuable goodwill owned by PepsiCo, and are among the most well-known and famous marks in the world.

## DEFENDANTS' COUNTERFEITING

15. Defendants are in the business of manufacturing, marketing, distributing and selling syrups used in the preparation of soft drinks and boxes containing bags filled with syrups used in the

preparation of soft drinks which simulate the ingredients, nutritional content, taste, aroma, appearance and packaging of PEPSI products and which bear imitations or counterfeit copies of the PEPSI marks (hereinafter the "Counterfeit products").

16. Defendants have marketed, distributed and sold the Counterfeit products to customers in this District.

17. On information and belief, purchasers of Defendants' Counterfeit products and consumers who imbibe the soft drinks produced from Defendants' Counterfeit products will mistakenly believe that PepsiCo sells, or authorizes for sale, Defendants' Counterfeit products and will cause such customers and consumers to be upset with PepsiCo and dissatisfied with the PEPSI products.

18. Defendants' manufacture, distribution, advertising and sale of the aforesaid Counterfeit products is without PepsiCo's consent.

19. On information and belief, Defendants' aforesaid acts are done with knowledge of PepsiCo's use of the PEPSI marks and for the purpose of trading upon PepsiCo's goodwill in said marks and business reputation, with the intention of creating consumer confusion over the source and origin of the Counterfeit products, and to give Defendants' Counterfeit products a salability they otherwise would not have.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK COUNTERFEITING IN VIOLATION OF SECTION 32 OF THE LANHAM ACT)

20. PepsiCo re-alleges paragraphs 1 through 19, as if fully set forth herein.

21. Defendants' aforesaid use of PepsiCo's PEPSI, DIET PEPSI and MOUNTAIN DEW trademarks constitutes use of spurious marks identical to PepsiCo's genuine PEPSI, DIET PEPSI and

MOUNTAIN DEW trademarks which are federally registered for soft drinks and syrups and concentrates for making soft drinks.

22.  Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of Defendants' Counterfeit products in that purchasers and potential purchasers for PEPSI products, as well as consumers are likely to believe that PepsiCo authorizes and controls the sale of Defendants' Counterfeit products or that Defendants are associated with or related to PepsiCo or are authorized by PepsiCo to sell PEPSI, DIET PEPSI and MOUNTAIN DEW products.

23.  On information and belief, defendant's acts have injured or are likely to injure PepsiCo's image and reputation with potential customers and consumers by creating confusion about, and dissatisfaction with, PepsiCo's PEPSI products.

24.  Defendants' acts constitute trademark counterfeiting in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

25.  Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendants from selling their Counterfeit products.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT IN VIOLATION
## OF SECTION 32 OF THE LANHAM ACT)

26.  PepsiCo re-alleges paragraphs 1-19, as if fully set forth herein.

27.  Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of Defendants' Counterfeit products in that customers and potential customers for PEPSI products, as well as consumers are likely to believe that PepsiCo

8

authorizes and controls the sale of Defendants' Counterfeit products or that Defendants are associated with or related to PepsiCo or are authorized by PepsiCo to sell PEPSI, DIET PEPSI, MOUNTAIN DEW and SIERRA MIST products.

28. On information and belief, defendant's acts have injured or are likely to injure PepsiCo's image and reputation with potential customers and consumers by creating confusion about, and dissatisfaction with, PepsiCo's PEPSI products.

29. Defendants' acts constitute trademark infringement in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

30. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendants from selling their Counterfeit products.

### THIRD CLAIM FOR RELIEF
### (UNFAIR COMPETITION IN VIOLATION
### OF SECTION 43(a) OF THE LANHAM ACT)

31. PepsiCo re-alleges paragraphs 1-7, 9-19 and 27-28, as if fully set forth herein.

32. Defendant's acts constitute unfair competition with PepsiCo in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendants from selling their Counterfeit products.

## FOURTH CLAIM FOR RELIEF
## (COMMON LAW UNFAIR COMPETITION)

34. PepsiCo re-alleges paragraphs 1-7, 9-19 and 27-28, as if fully set forth herein.

35. Defendant's acts constitute unfair competition in violation of the common law of Michigan.

36. Defendant's acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining defendant from selling its Counterfeit products

## FIFTH CLAIM FOR RELIEF
## (UNFAIR PRACTICES IN THE CONDUCT OF A TRADE IN VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT)

37. PepsiCo re-alleges paragraphs 1-7, 9-19 and 27-28, as if fully set forth herein.

38. Defendants' acts constitute unfair and deceptive acts and practices in the conduct of a trade in violation of the Michigan Consumer Protection Act ("MCPA"), MCL 445.901 *et seq.*, including, but not limited to, subsections MCL 445.903(1)(a), 445.903(1)(b) and 445.903(1)(c).

39. Defendant's acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining defendant from selling its Counterfeit products.

WHEREFORE, PepsiCo prays that:

1. Defendants, their officers, agents, servants, employees, and attorneys, their successors and assigns, and all others in active concert or participation with Defendants, be enjoined and

restrained during the pendency of this action, and permanently thereafter, from manufacturing, marketing, advertising, distributing or selling :

    a.    soft drinks, not authorized by PepsiCo, under counterfeit copies or imitations of the PEPSI, DIET PEPSI, MOUNTAIN DEW or SIERRA MIST trademarks;

    b.    syrups or concentrates used in the preparation of soft drinks, not authorized by PepsiCo, under counterfeit copies or imitations of the PEPSI, DIET PEPSI, MOUNTAIN DEW or SIERRA MIST trademarks;

    c.    boxes containing bags filled with syrups or concentrates, not authorized by PepsiCo, used in the preparation of soft drinks and bearing counterfeit copies or imitations of the PEPSI, DIET PEPSI, MOUNTAIN DEW or SIERRA MIST trademarks; or

    d.    any other products under counterfeit copies or imitations of the PEPSI marks.

2.    Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

    a.    account for and pay over to PepsiCo all profits derived by Defendant from its acts of trademark counterfeiting, trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and the common law of the State of Michigan, and PepsiCo asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

    b.    pay to PepsiCo treble the amount of all damages incurred by PepsiCo by reason of Defendant's acts of trademark counterfeiting, trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a);

    c.    pay to PepsiCo the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and MCL § 445.911(2);

d. pay to PepsiCo the greater of treble Defendants' profits or treble actual damages suffered by PepsiCo, as well as PepsiCo's costs and attorneys' fees, in accordance with 15 U.S.C. § 1117(b);

e. pay to PepsiCo statutory damages for willful counterfeiting of the PEPSI, DIET PEPSI and MOUNTAIN DEW marks for each type of product sold, offered for sale, or distributed by Defendants under each mark, in accordance with 15 U.S.C. § 1117(c)(2);

f. pay restitution to PepsiCo, in accordance with the common law of the State of Michigan, for all loss, damage, and injury caused by Defendant's acts;

g. deliver up for destruction all of the Counterfeit product, and the means for making the same, in its possession, in accordance with 15 U.S.C. § 1118;

h. file with the Court and serve on PepsiCo an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3. PepsiCo have such other and further relief as the Court deems just and equitable.

DICKINSON WRIGHT PLLC

By: /s/ Kathleen A. Lang
Kathleen A. Lang (P34695)
500 Woodward, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500
Facsimile: (313) 223-3598
klang@dickinsonwright.com

        PATTISHALL, MCAULIFFE, NEWBURY,
         HILLIARD & GERALDSON L.L.P.
        David C. Hilliard
        Jonathan S. Jennings
        Phillip Barengolts
        Natalie Kernisant
        311 South Wacker Drive, Suite 5000
         Chicago, Illinois 60606
        Telephone: (312) 554-8000

        *Attorneys for Plaintiff, PepsiCo, Inc.*

DATED: January 31, 2006

DETROIT 61174-3 919126v1

# CIVIL COVER SHEET

COUNTY IN WHICH ACTION AROSE WAYNE    26163

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PEPSICO, INC., a North Carolina corporation
(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  North Carolina
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
C. TOCCO WHOLESALE PRODUCE, INC., a Michigan corporation, and DOES 1-10,
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  a Michigan corporation
(IN U.S. PLAINTIFF CASE ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Dickinson Wright PLLC
Kathleen A. Lang (P34695)
500 Woodward, Ste. 4000
Detroit, MI 48226
(313) 223-3500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original
- ☐ 2 Removed from
- ☐ 3 Remanded from
- ☐ 4 Reinstated or
- ☐ 5 Transferred from another district
- ☐ 6 Multidistrict
- ☐ 7 Appeal of District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Exc. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury- Med. Malpractice
- ☐ 365 Personal Injury- Product Liability
- ☐ 368 Injury Med. Malpractice

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copy Rights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUIT**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Services
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)
15 U.S.C. §§ 1501 (The Lanham Act)

## VII. REQUEST IN COMPLAINT:
DEMAND _____
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY:
JUDGE _____ DOCKET NUMBER _____

DATE  January 23, 2006

SIGNATURE OF ATTORNEY OF RECORD - Kathleen A. Lang (P34695)    P34695

MAG.RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    JUDGE

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously discontinued or dismissed?   ☐ YES   ☒ NO

   If **yes**, give the following information:

   Court:_____

   Case No.:_____

   Judge:_____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ YES   ☒ NO

   If **yes**, give the following information:

   Court:_____

   Case No.: _____

   Judge:_____

**NOTES**

DETROIT 61174-3 919209v1