# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PEPSICO, INC.,
a North Carolina corporation,

        Plaintiff,

vs.

C.TOCCO WHOLESALE PRODUCE,
INC., a Michigan corporation; and PAUL
TOCCO WHOLESALE PRODUCE, INC.,
a Michigan corporation; and DOES 1-10,

        Defendants.
_____/

Case No. 2:06-cv-10390-DPH-RSW

HON. DENISE PAGE HOOD

DICKINSON WRIGHT P.L.L.C.
Kathleen A. Lang (P34695)
500 Woodward, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500
klang@dickinsonwright.com

PATTISHALL, MCAULIFFE, NEWBURY,
  HILLIARD & GERALDSON L.L.P.
David C. Hilliard
Jonathan S. Jennings
Phillip Barengolts
Natalie Kernisant
311 South Wacker Drive
Suite 5000
Chicago, Illinois 60606
Telephone: (312) 554-8000

*Attorneys for Plaintiff*
*PepsiCo, Inc*.
_____/

# FIRST AMENDED COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES

## PARTIES

1.  Plaintiff, PepsiCo, Inc. ("PepsiCo"), is a North Carolina corporation with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577.

2.  On information and belief, defendant C. Tocco Wholesale Produce, Inc. ("C. Tocco"), is a corporation governed by the laws of the State of Michigan with its principal place of business in this District at 1325 Watson Street, Detroit, MI 48207.

3.  On information and belief, defendant Paul Tocco Wholesale Produce, Inc. ("P. Tocco"), is a corporation governed by the laws of the State of Michigan with its principal place of business at 21479 Morningside, Grosse Pointe Woods, MI 48236.

4.  On information and belief, defendants Does 1-10 (collectively, the "Doe Defendants"), are individuals and business entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor.  The identity of these Doe Defendants presently is not and cannot be known to PepsiCo, but these persons and/or entities will be added as named defendants to this action as and when they are identified.  Unless otherwise indicated, C. Tocco, P. Tocco and the Doe Defendants are referenced collectively herein as "Defendants."

## JURISDICTION AND VENUE

5.  This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest

and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the Michigan state common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that, on information and belief, Defendants reside in this district and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

**FACTS**

7. PepsiCo is engaged in the manufacture and marketing of soft drinks and syrups used in the preparation of soft drinks throughout the United States.

8. Since long prior to the acts of Defendants complained of herein, PepsiCo has made continuous use of the trademarks PEPSI, DIET PEPSI, MOUNTAIN DEW, and SIERRA MIST, and variations of these marks with designs ("PEPSI marks") in connection with the manufacture, distribution, marketing and sale of (1) soft drinks and concentrates and syrups used in the preparation of soft drinks; (2) including through PepsiCo's licensees, boxes containing bags filled with syrups used in the preparation of PepsiCo's soft drinks distributed to consumers through soda fountains (hereinafter collectively "PEPSI products").

9. PepsiCo is the owner, inter alia, of the following federal trademark registrations issued by the United States Patent and Trademark Office for the PEPSI marks used in connection with its PEPSI products:

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| PEPSI | 824,150 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |
| [PEPSI logo] | 2,100,417 | Sept. 23, 1997 | Soft Drinks |
| [PEPSI logo] | 2,817,604 | February 24, 2004 | Soft Drinks, and Syrups and Concentrates for making the same |
| PEPSI- COLA | 824,151 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |
| DIET PEPSI | 824,152 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |
| [DIET PEPSI logo] | 1,409,763 | Sept. 16, 1986 | Soft Drinks |
| DIET PEPSI-COLA | 824,149 | February 14, 1967 | Soft Drinks, and Syrups and Concentrates for making the same |

| | | | |
|---|---|---|---|
| SIERRA MIST | 2,495,127 | October 2, 2001 | Soft Drinks |
| (sierra mist logo) | 2,549,463 | March 19, 2002 | Soft Drinks |
| (Sierra Mist logo) | 2,580,465 | June 11, 2002 | Soft Drinks |
| MOUNTAIN DEW | 820,362 | Dec. 13, 1966 | Soft Drinks, and Syrups and Concentrates for making the same |
| (Mountain Dew logo) | 1,512,972 | November 15, 1988 | Soft Drinks |
| (Mountain Dew logo) | 2,509,558 | Nov. 20, 2001 | Soft Drinks |

| DIET MOUNTAIN DEW | 1,335,820 | May 14, 1985 | Soft Drinks |
|---|---|---|---|
|  | 2,358,691 | June 13, 2000 | Soft Drinks |
|  | 2,306,646 | January 4, 2000 | Soft Drinks |

All of the registrations identified above, except Registration Nos. 2,817,604, 2,495,127, 2,549,463, 2,580,465, and 2,509,558, are valid subsisting, incontestable and constitute conclusive evidence of PepsiCo's exclusive right to use the PEPSI marks for the goods specified in the registrations, pursuant to 15 U.S.C. §§ 1065 and 1115(b).  Registration Nos. 2,817,604, 2,495,127, 2,549,463, 2,580,465, and 2,509,558 are valid, subsisting, and constitute prima facie evidence of PepsiCo's exclusive right to use the marks identified in the registrations for the goods and services covered by these registration throughout the United States, pursuant to 15 U.S.C. § 1057(b).

10.     PEPSI products are distributed by PepsiCo's authorized bottlers pursuant to Exclusive Bottling Appointment agreements, which authorize those local bottlers to distribute PEPSI products in their respective territories.

11.     The PEPSI products are subject to a strict quality control program implemented by PepsiCo and its authorized bottlers that protects and preserves all aspects of the PEPSI products including their ingredients, nutritional content, taste, aroma, appearance and packaging.

12.     PepsiCo prohibits the sale of soft drinks and syrups used in the preparation of soft drinks under the PEPSI marks that do not meet PepsiCo's quality control standards.

13.     PepsiCo's authorized bottlers maintain the quality and enhance the goodwill associated with PEPSI products within their particular territory.

14.     PepsiCo and its authorized bottlers have sold many billions of dollars worth of PEPSI products throughout the United States and have expended many hundreds of millions of dollars to advertise and promote the PEPSI products under the PEPSI marks.

15.     As a result of PepsiCo's extensive sales, promotion and advertising, the PEPSI marks have become exceedingly famous, represent extraordinarily valuable goodwill owned by PepsiCo, and are among the most well-known and famous marks in the world.

**DEFENDANTS' COUNTERFEITING**

16.     Defendants are in the business of manufacturing, marketing, distributing and selling syrups used in the preparation of soft drinks and boxes containing bags filled with syrups used in the preparation of soft drinks which simulate the ingredients, nutritional content, taste, aroma, appearance and packaging of PEPSI products and which bear imitations of the PEPSI marks (the "Counterfeit Products").

17.     Defendant P. Tocco has sold and delivered Counterfeit Products to Defendant C. Tocco.

18.     Defendants have marketed, distributed and sold the Counterfeit products to customers in this District.

19.     On information and belief, purchasers of Defendants' Counterfeit products and consumers who imbibe the soft drinks produced from Defendants' Counterfeit products will mistakenly believe that PepsiCo sells, or authorizes for sale, Defendants' Counterfeit products and will cause such customers and consumers to be upset with PepsiCo and dissatisfied with the PEPSI products.

20.     Defendants' manufacture, distribution, advertising and sale of the aforesaid Counterfeit products is without PepsiCo's consent.

21.     On information and belief, Defendants' aforesaid acts are done with knowledge of PepsiCo's use of the PEPSI marks for the purpose of trading upon PepsiCo's goodwill in said marks and business reputation, with the intention of creating consumer confusion over the source and origin of the Counterfeit products, and to give Defendants' Counterfeit products a salability they otherwise would not have.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK COUNTERFEITING IN VIOLATION OF SECTION 32 OF THE LANHAM ACT)

22.     PepsiCo re-alleges paragraphs 1 through 21, as if fully set forth herein.

23.     Defendants' aforesaid use of PepsiCo's PEPSI, DIET PEPSI, MOUNTAIN DEW and SIERRA MIST trademarks constitutes use of spurious marks identical to PepsiCo's genuine PEPSI, DIET PEPSI, MOUNTAIN DEW, and SIERRA MIST trademarks which are federally registered for soft drinks and syrups and concentrates for making soft drinks.

24. Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of Defendants' Counterfeit products in that consumers are likely to believe that PepsiCo authorizes and controls the sale of Defendants' Counterfeit products or that Defendants are associated with or related to PepsiCo or are authorized by PepsiCo to sell PEPSI, DIET PEPSI, MOUNTAIN DEW, and SIERRA MIST products.

25. On information and belief, Defendants' acts have injured or are likely to injure PepsiCo's image and reputation with potential consumers and consumers by creating confusion about, and dissatisfaction with, PepsiCo's PEPSI products.

26. Defendants' acts constitute trademark counterfeiting in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

27. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendants from selling their counterfeit products.

### SECOND CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT IN VIOLATION
### OF SECTION 32 OF THE LANHAM ACT)

28. PepsiCo re-alleges paragraphs 1-21, and 24-25, as if fully set forth herein.

29. Defendants' acts constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

30. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendants from selling their Counterfeit products.

### THIRD CLAIM FOR RELIEF
### (UNFAIR COMPETITION IN VIOLATION
### OF SECTION 43(a) OF THE LANHAM ACT)

31. PepsiCo re-alleges paragraphs 1-8, 10-21, and 24-25, as if fully set forth herein.

32. Defendants' acts constitute unfair competition with PepsiCo in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendants from selling their Counterfeit products.

### FOURTH CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

34. PepsiCo re-alleges paragraphs 1-8, 10-21, and 24-25, as if fully set forth herein.

35. Defendants' acts constitute unfair competition in violation of the common law of Michigan.

36. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate

remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling its counterfeit products.

### FIFTH CLAIM FOR RELIEF
### (UNFAIR PRACTICES IN THE CONDUCT OF A TRADE IN VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT)

37. PepsiCo re-alleges paragraphs 1-8, 10-21, and 24-25, as if fully set forth herein.

38. Defendants' acts constitute unfair and deceptive acts and practices in the conduct of a trade in violation of the Michigan Consumer Protection Act ("MCPA"), MCL 445.901 et seq., including, but not limited to, subsections MCL 445.903(1)(a), 445.903(1)(b) and 445.903(1)(c).

39. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling their counterfeit products.

WHEREFORE, PepsiCo prays that:

1. Defendants, their officers, agents, servants, employees, and attorneys, their successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter, from manufacturing, marketing, advertising, distributing or selling:

    a. soft drinks, not authorized by PepsiCo, under counterfeit copies or imitations of the PEPSI, DIET PEPSI, MOUNTAIN DEW or SIERRA MIST trademarks;

b. syrups or concentrates used in the preparation of soft drinks, not authorized by PepsiCo, under counterfeit copies or imitations of the PEPSI, DIET PEPSI, MOUNTAIN DEW or SIERRA MIST trademarks;

c. boxes containing bags filled with syrups or concentrates, not authorized by PepsiCo, used in the preparation of soft drinks and bearing counterfeit copies or imitations of the PEPSI, DIET PEPSI, MOUNTAIN DEW or SIERRA MIST trademarks; or

d. any other products under counterfeit copies or imitations of the PEPSI marks.

2. Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

a. account for and pay over to PepsiCo all profits derived by Defendants from their acts of trademark counterfeiting, trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and the common law of the State of Michigan, and PepsiCo asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

b. pay to PepsiCo treble the amount of all damages incurred by PepsiCo by reason of Defendants' acts of trademark counterfeiting, trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a);

c. pay to PepsiCo the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and MCL § 445.911(2);

d. pay to PepsiCo the greater of treble Defendants' profits or treble actual damages suffered by PepsiCo, as well as PepsiCo's costs and attorneys' fees, in accordance with 15 U.S.C. § 1117(b);

e. pay to PepsiCo statutory damages for willful counterfeiting of the PEPSI, DIET PEPSI and MOUNTAIN DEW marks for each type of product sold, offered for sale, or distributed by Defendants under each mark, in accordance with 15 U.S.C. § 1117(c)(2);

f. pay restitution to PepsiCo, in accordance with the common law of the State of Michigan, for all loss, damage, and injury caused by Defendants' acts;

g. deliver up for destruction all of the Counterfeit product, and the means for making the same, in its possession, in accordance with 15 U.S.C. § 1118;

h. file with the Court and serve on PepsiCo an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3. PepsiCo have such other and further relief as the Court deems just and equitable.

> DICKINSON WRIGHT, PLLC
>
> By: s/Kathleen A. Lang
> Kathleen A. Lang (P34695)
> 500 Woodward Ave., Suite 4000
> Detroit, Michigan 48226
> Telephone: 313-223-3500
> e-mail: klang@dickinsonwright.com

-14-

                PATTISHALL, McAULIFFE, NEWBURY,
                 HILLIARD & GERALDSON LLP

                    David C. Hilliard (IL No. 1217496)
                    Jonathan S. Jennings (IL No. 6204474)
                    Phillip Barengolts (IL No. 6274516)
                    311 S. Wacker Drive, Suite 5000
                    Chicago, Illinois 60606
                    Telephone: 312-554-8000

*Attorneys for Plaintiff PepsiCo, Inc.*

DATED: March 17, 2006

DETROIT 61174-3 927340v1