UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
APR 24 2006
CLERK'S OFFICE
DETROIT

PEPSICO, INC., a North Carolina
corporation,

        Plaintiff,

vs.

Case No. 2:06-cv-10390-DPH-RSW

C. TOCCO WHOLESALE PRODUCE,
INC., a Michigan corporation; and PAUL
TOCCO WHOLESALE PRODUCE, INC.,
a Michigan corporation; and DOES 1-10,

        Defendants.

_____/

DICKINSON WRIGHT P.L.L.C.
Kathleen A. Lang (P34695)
500 Woodward, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500
Facsimile: (313) 223-3598
klang@dickinsonwright.com

PATTISHALL, MCAULIFFE, NEWBURY,
  HILLIARD & GERALDSON L.L.P.
David C. Hilliard
Jonathan S. Jennings
Phillip Barengolts
Natalie Kernisant
311 South Wacker Drive
Suite 5000
Chicago, Illinois 60606
Telephone: (312) 554-8000

*Attorneys for Plaintiff,*
*PepsiCo, Inc.*

_____/

# FINAL JUDGMENT AS TO DEFENDANT C. TOCCO WHOLESALE

## I. INTRODUCTION

Plaintiff, PepsiCo, Inc. ("PepsiCo"), brought this action on January 30, 2006, against Defendant, C. Tocco Wholesale Produce, Inc. ("C. Tocco"), to prevent the unlawful manufacture, advertisement, distribution, and sale of soft drinks and boxes containing bags filled with syrups used in the preparation of soft drinks bearing counterfeit PEPSI, PEPSI-COLA, DIET PEPSI, DIET PEPSI-COLA, MOUNTAIN DEW, DIET MOUNTAIN DEW and SIERRA MIST trademarks (hereinafter the "Counterfeit Products"). Based on the premises adduced, the court enters and the parties concur in the following findings of fact and conclusions of law:

## II. FINDINGS OF FACT

PepsiCo manufactures and markets beverage products throughout the United States and the world. PepsiCo has adopted and made continuous use of the PEPSI, PEPSI-COLA, DIET PEPSI, DIET PEPSI-COLA, MOUNTAIN DEW, DIET MOUNTAIN DEW and SIERRA MIST trademarks (the "PEPSI Marks"), on their own, or with designs or other variations, in connection with the manufacture, advertisement and sale of soft drinks, and syrups and concentrates used in the preparation of soft drinks (the "PEPSI Products").

PepsiCo is the owner, inter alia, of the following federal trademark registrations issued by the United States Patent and Trademark Office for the aforesaid PEPSI Marks used in connection with its products: PEPSI (Reg. No. 824,150); PEPSI & Design (Reg. No. 2,100,417); PEPSI & Design (Reg. No. 2,817,604); PEPSI-COLA (Reg. No. 824,151); DIET PEPSI (Reg. No. 824,152); DIET PEPSI & Design (Reg. No. 1,409,763); DIET PEPSI-COLA (Reg. No. 824,149); SIERRA MIST (Reg. No. 2,495,127; SIERRA MIST & Design (Reg. No. 2 549,463); SIERRA MIST & Design (Reg. No. 2,580,465); MOUNTAIN DEW (Reg. No. 820,362); MOUNTAIN DEW (stylized) (Reg. No. 1,512,972); MOUNTAIN DEW & Design (Reg. No.

2,509,558); DIET MOUNTAIN DEW (Reg. No. 1,335,820); DIET MOUNTAIN DEW (stylized) (Reg. No. 2,358,691); and DIET MOUNTAIN DEW (stylized) (Reg. No. 2,306,646). All of these registrations, except Registration Nos. 2,817,604, 2,495,127, 2,549,463, 2,580,465, and 2,509,558 are valid subsisting, incontestable and constitute conclusive evidence of PepsiCo's exclusive right to use the aforesaid marks for the goods specified in the registrations, pursuant to 15 U.S.C. §§ 1065 and 1115(b). Registration Nos. 2,817,604, 2,495,127, 2,549,463, 2,580,465, and 2,509,558, are valid, subsisting, and constitute prima facie evidence of PepsiCo's exclusive right to use the marks identified in the registrations for the goods and services covered by these registration throughout the United States, pursuant to 15 U.S.C. § 1057(b).

PepsiCo, and its authorized bottlers and licensees, have sold many billions of dollars worth of soft drinks, including boxes containing bags filled with syrups used in the preparation of soft drinks, under the PEPSI marks throughout the United States. PepsiCo also has expended many hundreds of millions of dollars to advertise and promote these products and said PEPSI Marks. As a result of PepsiCo's extensive sales, promotion and advertising, the aforesaid PEPSI Marks have become exceedingly famous, represent an extraordinarily valuable goodwill owned by PepsiCo and are among the most well-known and famous trademarks in the world.

PepsiCo's soft drinks, and syrups used in the preparation of soft drinks, sold under the PEPSI Marks are subject to a strict quality control program implemented by PepsiCo and its authorized bottlers that protects and preserves all aspects of the beverages including their ingredients, nutritional content, taste, aroma, appearance and packaging.

C. Tocco has engaged in the distribution and sale of soft drinks and boxes containing bags filled with syrups used in the preparation of soft drinks which simulate the ingredients, nutritional content, taste, aroma, appearance and packaging of PEPSI Products, but in fact are not

genuine PEPSI Products (hereinafter the "Counterfeit Products"), and are labeled with PEPSI, PEPSI-COLA, DIET PEPSI, DIET PEPSI-COLA, MOUNTAIN DEW, DIET MOUNTAIN DEW, SIERRA MIST and MUG trademarks that are not legitimate or authorized PEPSI Marks ("Counterfeit Marks"). Retailers who purchase C. Tocco's soft drinks as well as consumers who imbibe these soft drinks are likely to believe they are PepsiCo's PEPSI Products or are authorized for sale by PepsiCo. These retailers and consumers will become dissatisfied with the product they believe to be genuine PEPSI Products and upset with PepsiCo. C. Tocco's distribution and sale of the Counterfeit Products under the Counterfeit Marks damages PepsiCo's goodwill in the PEPSI Marks, damages PepsiCo's business reputation, and will cause consumers who encounter or consume the Counterfeit Products to be angry with PepsiCo and avoid its legitimate PEPSI Products.

### III. CONCLUSIONS OF LAW

PepsiCo's incontestable United States trademark registrations conclusively establish its ownership of and exclusive rights in the PEPSI Marks. 15 U.S.C. §§ 1065 and 1115(b); Park 'N Fly v. Dollar Park and Fly Inc., 469 U.S. 189, 194 (1985). PepsiCo's other registrations are prima facie evidence of its ownership of and exclusive rights in the marks they cover. See 15 U.S.C. § 1115(a). PepsiCo's long use, extensive advertising and promotion of the PEPSI Marks have made them among the most famous marks in the world. Such marks are entitled a wide scope of protection. Big Boy Restaurants vs Cadillac Coffee Co., 238 F. Supp. 2d 866, 870-71 (E.D. Mich. 2002); see also James Burrough Ltd. v. Sign of the Beefeater, Inc., 540 F.2d 266, 276 (7th Cir. 1976).

A "counterfeit" is defined as a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. C. Tocco distributes and sells soft

drinks and boxes containing bags filled with syrup used in the preparation of soft drinks, which are not authorized by PepsiCo. These products display Counterfeit Marks that are identical or substantially indistinguishable from PepsiCo's registered PEPSI Marks. This constitutes the use of counterfeit marks under the Lanham Act. See U.S. v. Petrosian, 126 F. 3d 1232, 1234 (9th Cir. 1997) (sale of non-COCA-COLA soft drinks in actual COCA-COLA bottles constitutes criminal trademark counterfeiting).

To establish trademark counterfeiting, trademark infringement and unfair competition under Federal and Michigan State law, there also must be likelihood of confusion over C. Tocco's use of the Counterfeit Marks and PepsiCo's PEPSI Marks. 15 U.S.C. §§ 1114, 1125(a); MCL 445.901 et seq. In this Circuit, likelihood of confusion depends upon the following factors: (1) strength of the plaintiff's mark, (2) relatedness of the goods or services, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) likely degree of purchaser care, (7) the defendant's intent in selecting its mark, and (8) likelihood of expansion of the product lines. Frisch's Restaurants, Inc. v. Elby's Big Boy, Inc., 670 F.2d 642, 648 (6th Cir.) (citations omitted).

PepsiCo has established likelihood of confusion among both retailers who purchase the C. Tocco's Counterfeit Products bearing the Counterfeit Marks directly from C. Tocco, and also among those consumers who purchase the Counterfeit Products from C. Tocco's customers and the legitimate PEPSI Marks. In GMC v. Autovations Technologies, Inc., this Court held "a likelihood of confusion is presumed when a defendant intentionally copies a trademark design 'with the intent to derive a benefit from the reputation of another.'" 317 F. Supp. 2d 756, 761 (E.D. Mich. 2004) (citations omitted). Similarly, in Petrosian, the Court of Appeals for the Ninth Circuit upheld the lower court's finding of likelihood of confusion where the defendants sold soft

drinks manufactured by the defendants without Coca-Cola's permission in actual COCA-COLA bottles "because consumers were likely to assume the mark indicated Coca-Cola was the source of the beverage inside the bottle." Petrosian, 126 F. 3d at 1234. Thus, C. Tocco's distribution and sale of the Counterfeit Products under the Counterfeit Marks creates a likelihood of confusion with the legitimate and authorized PEPSI Marks.

Based on this finding of likelihood of confusion, C. Tocco's use of the Counterfeit Marks constitutes trademark counterfeiting, trademark infringement and unfair competition under the Lanham Act, and unfair trade practices and unfair competition under State common and statutory laws. 15 U.S.C. § 1114; 15 U.S.C. § 1125(a); MCL 445.901 et seq.; see also GMC, 317 F. Supp. 2d at 761; Homeowners Group, Inc. v. Home Marketing Specialists, Inc., 931 F.2d 1100, 1105 fn. 1 (6th Cir. 1991) (likelihood of confusion standard under federal law is applicable to the [MCPA] and Michigan common law trademark claims).

C. Tocco's use of the Counterfeit Marks in connection with the sale of Counterfeit Products entitles PepsiCo to elect between (a) an award of either three times C. Tocco's profits or PepsiCo's actual damages, whichever is greater, or (b) an award of statutory damages. 15 U.S.C. § 1117(b) and (c). PepsiCo also is entitled to an award of its attorney's fees and costs as well as prejudgment interest. 15 U.S.C. § 1117(a) and (b).

Trademark counterfeiting, trademark infringement, unfair competition, and unfair trade practices by their very nature result in irreparable injury since the attendant loss of goodwill, reputation and business cannot adequately be quantified and trademark owners such as PepsiCo cannot be compensated adequately. See Wynn Oil Co. v. American Way Service Corp., 943 F.2d 595, 608 (6th Cir. 1991) (irreparable harm follows from a finding of likelihood of confusion

or possible risk to business reputation). PepsiCo, therefore, is entitled to permanent injunctive relief as set forth below.

## IV. ORDER

It is ORDERED, ADJUDGED and DECREED that:

1. This Court has personal jurisdiction over PepsiCo and C. Tocco Wholesale Produce, Inc., including Christian Paul Tocco, the chief executive of defendant C. Tocco Wholesale Produce, Inc., as well as subject matter jurisdiction over this action;

2. C. Tocco, its officers, agents, servants, employees, and attorneys, its successors and assigns and all others in active concert or participation with C. Tocco, are permanently enjoined and restrained from using the PEPSI, PEPSI-COLA, DIET PEPSI, DIET PEPSI-COLA, MOUNTAIN DEW, DIET MOUNTAIN DEW and SIERRA MIST trademarks or any other marks owned by PepsiCo in connection with:

   a) soft drinks not authorized by PepsiCo;

   b) syrups or concentrates used in the preparation of soft drinks not authorized by PepsiCo;

   c) boxes containing bags filled with syrups or concentrates used in the preparation of soft drinks not authorized by PepsiCo; or

   d) any other products not authorized by PepsiCo;

3. C. Tocco shall, pursuant to the agreement of the parties, pay a substantial amount in monetary damages to PepsiCo, as a portion of the actual damages, restitution, attorneys' fees, costs and prejudgment interest PepsiCo is entitled to under the Lanham Act, 15 U.S.C. § 1117(a)-(b), and the laws of Michigan, MCL § 445.911(2);

4.   C. Tocco's attorneys shall act as agents for service of any subpoena for trial or deposition testimony, regarding C. Tocco's knowledge of other sources, manufacturers, or sellers of counterfeit products, in any other action, and said subpoena shall be accepted for service at Peter J. Lucido, P.C., Lucido's Professional Office Plaza, 39999 Garfield Road, Clinton Township, Michigan 48038-4098;

5.   This Court shall retain jurisdiction over this action for purposes of:

   a)   construing and ensuring compliance with this Final Judgment; and
   b)   adjudicating the ongoing proceedings against the Doe Defendants and Paul Tocco Wholesale Produce, Inc.

**SO ORDERED AND ADJUDGED:**

Dated: **APR 2 4 2006**                    ___DENISE PAGE HOOD___
                                            United States District Judge

## AGREED TO:

On behalf of PepsiCo, Inc.

PATTISHALL, MCAULIFFE, NEWBURY
  HILLIARD & GERALDSON LLP
DAVID C. HILLIARD
JONATHAN S. JENNINGS
PHILLIP BARENGOLTS
NATALIE KERNISANT
311 S. Wacker Drive, Suite 5000
Chicago, Illinois 60606

DICKINSON WRIGHT, PLLC
KATHLEEN A. LANG (P34695)
500 Woodward Ave.
Suite 4000
Detroit, Michigan 48226
(313) 223-3500

   By: s/Kathleen A. Lang
       Kathleen A. Lang (P34695)

Dated: 4/3/06

   Attorneys for Plaintiff,
   PepsiCo, Inc.

C. TOCCO WHOLESALE
PRODUCE, INC.

By: s/with permission Christian Paul Tocco
      Christian Paul Tocco III
      Chief Executive Officer

Dated: 3/30/06

PETER J. LUCIDO, P.C.
NICHOLAS J. BACHAND
Lucido's Professional Office Plaza
39999 Garfield Road
Clinton Township, Michigan 48038-4098

By: s/with permission Nicholas J. Bachand
      Nicholas J. Bachand (P67447)

Dated: 3/30/06

   Attorneys for Defendant,
   C. Tocco Wholesale Produce, Inc.

DETROIT 61174-3 930135v1